

**U.S. Department of Justice**
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW
Washington, DC 20530

Tel: (202) 616-5446

July 17, 2026

Clifton Cislak, Clerk
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Ave. NW
Washington, DC 20001

     RE:  *de Csepel v. Republic of Hungary*, Nos. 24-7045, 24-7148

Dear Mr. Cislak:

The United States has received this Court's May 27, 2026, certification under Federal Rule of Appellate Procedure 44(a) that these appeals call into question the constitutionality of a federal statute. In response to plaintiffs' motion to vacate the panel decision and remand (or alternatively for supplemental briefing), defendants question the constitutionality of the Holocaust Expropriated Art Recovery Act of 2025, Pub. L. No. 119-82, 140 Stat. 752 (2026) (HEAR Act).

The United States has a right to intervene in litigation in which "the constitutionality of any Act of Congress affecting the public interest is drawn in question." 28 U.S.C. § 2403(a). The Solicitor General is responsible for determining the government's position and authorizing any intervention. 28 C.F.R. § 0.20(c). A party who questions the constitutionality of a federal statute "must give written notice to the circuit clerk . . . as soon as the question is raised in the court of appeals" and the "clerk must then certify that fact to the Attorney General." Fed. R. App. P. 44(a).

The HEAR Act was signed into law in April, after this Court issued its decision in this appeal. *See de Csepel v. Republic of Hungary*, 165 F.4th 572 (D.C. Cir. 2026). Plaintiffs have moved to vacate the panel opinion and

remand to the district court in light of the HEAR Act. In their response to that motion, defendants indicate that they will challenge the application of the HEAR Act on constitutional and other grounds. Defendants accordingly filed written notice of a constitutional challenge, and this Court certified that fact to the government. The notice and certification arose in the posture of motions practice, and there is no active briefing schedule in the case, though plaintiffs have in the alternative requested supplemental briefing (which defendants oppose). If this Court orders supplemental briefing to address any constitutional or related interpretive issues regarding the HEAR Act, the government requests an opportunity to intervene and file a brief, if authorized by the Solicitor General.

Thank you for your assistance with this matter.

Sincerely,

Sharon Swingle

*s/ Brian J. Springer*
Brian J. Springer
Attorneys, Appellate Staff
Civil Division
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530

cc (via CM/ECF): Counsel of Record